1 | JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

2

3 | BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

4 | JOHN N. GLANG (GUAMBN 94012)
Assistant United States Attorney

5

6 | 150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408)-535-5084

7 | Fax: (408)-535-5066
E-Mail: John.Glang@usdoj.gov

8

Attorneys for Plaintiff

*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 02-20082-JW |
| ) | |
| Plaintiff, ) | STIPULATION AND [PROPOSED] |
| ) | ORDER FOR SENTENCING |
| v. ) | MODIFICATION UNDER |
| ) | 18 U.S.C. § 3582(c)(2) |
| JEREMY LAMAR THOMAS, ) | |
| ) | |
| Defendant. ) | |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties acting through their respective counsel, that:

1. The Court makes its own motion for a modification of the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

2. Defendant's original guideline calculation was as follows:

Total Offense Level 31

Criminal History Category I

Sentencing range of 108 to 135 months of imprisonment

STIPULATION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(c)(2)
CR 02-20082-JW

3. Defendant was sentenced on May 3, 2004 to 108 months of imprisonment.

4. Defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual.*

5. Defendant's revised guideline calculation is as follows:

    Total Offense Level 29

    Criminal History Category I

    Sentencing range of 87 to 108 months of imprisonment

6. According to the modified pre-sentence report, defendant's conduct while imprisoned reflects that he worked as an orderly and in food service, and received good work reports. He is completing course work for a GED, completed drug education, and has taken a variety of art courses. He received an incident report in November 2004 for refusing to obey an order for which he was sanctioned with limited phone and visiting privileges.

7. Based upon the foregoing, the parties hereby stipulate that a sentence of 87 months is appropriate in this matter.

8. Defendant's current projected release date is August 3, 2010.

9. The parties further stipulate that all other aspects of the original judgment order, including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment remain as previously imposed.

10. Defendant stipulates that he waives and does not request a hearing in this matter pursuant to Fed. R. Crim. P. 43, 18 U.S.C. § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

11. Defendant waives his right to appeal the district court's sentence.

12. Accordingly, the parties agree and stipulate that an amended judgment may be entered by the Court in accordance with this stipulation pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. §

///

1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

IT IS SO STIPULATED:

DATED:  April 28, 2008                    Respectfully submitted,

                                    JOSEPH P. RUSSONIELLO  
                                    United States Attorney

                                         /S/  
                                    _____  
                                    JOHN N. GLANG  
                                    Assistant United States Attorney

DATED: April _28, 2008                    _____/S/_____  
                                    CYNTHIA LIE  
                                    Attorney for defendant Jeremy Lamar Thomas

**ORDER**

Based upon the stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED that:

1. The Court is making its own motion for a modification of the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2);

2. Defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual;*

3. Defendant waived his right to a hearing in this matter pursuant to Fed. R. Crim. P. 43, 18 U.S.C. § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007);

4. Defendant waived his right to appeal the district court's sentence;

5. Defendant's revised guideline calculation under U.S.S.G. § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual* is:

    Total Offense Level 29

    Criminal History Category I

    Sentencing range of 87 to 108 months of imprisonment

6. The appropriate sentence in this matter is 87 months of imprisonment. All other aspects of the original judgment order, including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment remain as previously imposed

7. An amended judgment shall be entered by the Court in accordance with the parties' stipulation pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

DATED: _____May 27, 2008_____    _____*/s/ James Ware/*_____
                                                                             JAMES WARE
                                                                            United States District Court Judge